**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MESUE JACKSON,                                     )
                                                   )
                    Plaintiff,                     )       Case No.  10 CV 1985
                                                   )
v.                                                 )       The Honorable Judge Manning
                                                   )
Loyola University Chicago School of Law,           )       Magistrate Judge Keys
                                                   )
                    Defendant.                     )

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS OR TO STRIKE COMPLAINT**

**INTRODUCTION**

Plaintiff Mesue Jackson ("Plaintiff") applied for admission to Loyola University of

Chicago's School of Law ("Loyola") in three consecutive years, and was rejected each time

because her application was manifestly uncompetitive.  At around the same time, Plaintiff also

applied to, and was rejected by, six other law schools in Illinois.  Rather than accept that she is

not qualified for acceptance to law school, Plaintiff concocted an irrational and implausible story

to explain her rejection.  Her story is that every one of the six schools to which she applied

discriminated against her based on her race, gender, age and a claimed physical disability.

Having invented a story to explain her rejection, Plaintiff is now attempting to use the

federal courts to try to extort from Loyola and the other schools what she could not obtain

legitimately: admission to law school.  To that end, on March 30, 2010, Plaintiff simultaneously

filed virtually identical complaints against each of the law schools which rejected her

applications, alleging that they rejected her not because of poor qualifications but because of

protected characteristics.[1]  For the reasons explained below, Loyola moves to dismiss Plaintiff's Complaint with prejudice or, if the Court elects not to dismiss the Complaint in its entirety, Loyola moves to strike it for failure to comply with Federal Rule of Civil Procedure 8.

### THE COMPLAINT'S ALLEGATIONS[2]

In the Complaint, Plaintiff alleges that she sought admission to Loyola's Juris Doctor ("JD") program and that Loyola rejected her application on May 12, 2008.[3]  (Complaint at ¶¶ 4-6, 11.)  She further alleges that Loyola is guilty of: (i) disability discrimination and failure to accommodate under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794; (ii) race discrimination under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d and 42 U.S.C. § 1981 ("Section 1981"); (iii) sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1681; and (iv) age discrimination under the Age Discrimination Act of 1975 ("Age Act"), 42 U.S.C. §§ 6101 *et seq.*  (Complaint ¶ 1(a)-(d).)

Plaintiff alleges that she filed a charge of discrimination alleging disability discrimination with the United States Department of Education's Office of Civil Rights ("OCR") on May 12, 2008 and that she received a right to sue letter on October 8, 2008.  (Complaint at ¶¶ 7-8.)  However, Plaintiff did not attach a copy of the charge or the right to sue letter to the Complaint.

---

[1]     *Jackson v. DePaul College of Law* (Case No. 10 CV 1982); *Jackson v. Northwestern University* (Case No. 10 CV 1986); *Jackson v. Chicago-Kent College of Law* (Case No. 10 CV 1988); *Jackson v. University of Chicago* (Case No. 10 CV 1991); *Jackson v. John Marshall Law School* (Case No. 10 CV 1992); and *Jackson v. Northern Illinois University* (Case No. 10 CV 1994).

[2]     Loyola accepts the allegations in the Complaint, which is attached as Exhibit 1 to this Memorandum, as true for purposes of this Motion only, and reserves the right to contest the facts in the Complaint should a responsive pleading later be required.

[3]     The Complaint also alleges that she was rejected for admission to Loyola's law school in two previous years.  These allegations are clearly time-barred, so for purposes of this Motion to Dismiss Loyola treats them as background allegations.

While the Complaint's dense, rambling allegations are difficult to summarize concisely, it appears that the heart of the Complaint's factual allegations is the assertion that in response to the OCR investigation, Loyola stated it was not aware of Plaintiff's disability when it rejected her application for admission. (Complaint ¶ 11.) According to the Complaint, Loyola informed OCR investigators that Plaintiff was denied admission to Loyola because her application was not considered competitive for various reasons, including a weak work history and a low LSAT score. (*Id.*)

Based on these few facts, the Complaint alleges that Loyola discriminated against her on the basis of her protected characteristics. The Complaint then proceeds to list a litany of reasons why Plaintiff believes Loyola had discriminatory intent. These reasons include: the fact that she was denied admission three times; the fact that Loyola told OCR that it was not aware that she was disabled; the fact that Loyola allegedly has a "low" percentage of disabled and black women students; the fact that there were purportedly only two black students present at a law school open house Plaintiff attended; Loyola's statement to OCR that Plaintiff's application was not considered competitive; Loyola's purported failure to weigh her grade point average along with her low LSAT score; Loyola's decision not to permit her to enroll in a summer program for qualified students; the fact that Plaintiff allegedly heard from acquaintances that Loyola's conduct was "rude" and "appeared unfriendly" towards disabled people; and "potentially, because of [her] age." (Complaint ¶ 11.)

Plaintiff also alleges throughout the Complaint that Loyola failed to accommodate some sort of physical disability she claims to have. (Complaint ¶¶ 11, 13, 15.) However, Plaintiff never states how she is disabled or which major life activities are impacted by her supposed

3

disability.   Nor does she allege when she requested accommodation from Loyola or what accommodation she requested.

**ARGUMENT**

**I.      The Court Should Dismiss the Complaint for Failure to State a Claim Under Rule 12(b)(6)**

**A.      Standard for a Rule 12(b)(6) Motion to Dismiss**

In evaluating the sufficiency of a complaint under Rule 12(b)(6), this Court should follow the guidance contained in the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).   As these cases teach, a complaint must allege enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. In judging the plausibility of a claim, courts are to consider only facts pled in the complaint, not conclusory statements. *See Iqbal*, 129 S. Ct. at 1951, *citing Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, the complaint must "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'"   *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007), *citing Twombly*, 550 U.S. at 554.   And while the Supreme Court has stated that a court should dismiss a complaint with prejudice only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, that statement "is not a mandate to countenance balderdash." *Jennings v. Emry*, 910 F.2d 1434, 1441 (7th Cir. 1990), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[4]

Moreover, in evaluating the sufficiency of the Complaint in this case, the Court should be mindful of the specialized nature of the academic environment, and the Supreme Court's admonition that courts should defer to an academic institution's decision about whether or not to

---

[4]      In *O'Donnell v. University of Chicago*, 01 C 5809, 2001 WL 1593141 (N.D. Ill. Dec. 12, 2001), this Court cited with approval *Jennings'* admonition that courts are "not required to countenance balderdash" in dismissing a complaint by a failed graduate school applicant.   The complaint in *O'Donnell* clearly bears a significant resemblance to the Complaint in this case.   Copies of unreported cases cited in this Memorandum are attached as Exhibit 2.

4

admit a student. *Board of Curators of Univ. of Mo. v. Horowitz,* 435 U.S. 78, 92 (1978). The Supreme Court has instructed that, when reviewing the substance of academic decisions such as admission to law school, courts should give deference to the institution's professional judgment. *Regents of Univ. of Michigan v. Ewing,* 474 U.S. 214, 225 (1985). Finally, while a *pro se* complaint is held to less stringent standards than pleadings drafted by lawyers, a *pro se* plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in the complaint. *Torrence v. Advanced Home Care, Inc.,* No. 08-cv-2821, 2009 WL 144448 at *2 (N.D. Ill. May 21, 2009) (Dow, J.) As explained below, viewing the Complaint in light of these standards, it is clear that it falls far short of "plausibly suggest[ing] that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *Concentra,* 496 F.3d at 777.

Despite the Complaint's verbosity, it fails to allege a plausible claim for discrimination against Loyola because it does not allege that Loyola rejected the Plaintiff's application because of her protected characteristics. In fact, the Complaint's few coherent facts essentially amount to two assertions: (1) that Plaintiff belongs to one or more protected classes; and (2) that she was denied admission to law school. The Complaint does not even come close to alleging facts which connect her protected status to Loyola's decision to deny her admission to its law school. Thus, these allegations are simply inadequate to state a claim under Federal Rule of Civil Procedure 12(b)(6). Accordingly, Plaintiff's Complaint should be dismissed.

**B.     Plaintiff Fails To State a Claim for Race and Gender Discrimination under Title VI and Title IX**

Plaintiff has not stated a claim for race or gender discrimination because she has failed to allege facts which, if true, would support an inference that Loyola intentionally discriminated against her because of her race or gender. *See e.g. Sudduth v. Donnelly,* No. 09-2117, 2010 WL 887385 at *1 (7th Cir. Mar. 10, 2010) (Kendall, J.) (affirming dismissal of plaintiff's Title VI

discrimination claim where plaintiff claimed he was denied access to courts because he failed to allege facts to support a plausible inference of discrimination); *O'Donnell v. The University of Chicago,* No. 01 C 5809, 2001 WL 1593141 at *4 (N.D.Ill. Dec. 13, 2001) (Manning, J.) (dismissing race and gender claims based on denial of admission to graduate school because plaintiff offered nothing to support an inference of intentional discrimination). As this Court's order dismissing the complaint in the *O'Donnell* case teaches, the inference of discrimination must be based on *facts*, and cannot be drawn solely from the fact of Plaintiff's rejection. *See e.g., O'Donnell,* 2001 WL 1593141 at *4.

Plaintiff's claims of race and gender discrimination, which are contained in paragraph 11 of the Complaint, simply do not link the fact that Plaintiff belongs to protected groups with Loyola's decision to reject her application, mandating dismissal of these claims. *See e.g., Deberry v. Davis,* No. 1:08 CV 582, 2010 WL 1610430 (M.D.N.C. April 19, 2010) (Auld, J.) (unsuccessful plaintiff failed to state a claim for race discrimination because he failed to allege a link between his race and his rejection from law school).

Indeed, nothing in the Complaint suggests that Loyola even was aware of the Plaintiff's race or gender, much less that it discriminated against her based on those characteristics. *See e.g., Sudduth,* 2010 WL 887385 at *1 (plaintiff did not properly allege that court's refusal to continue a hearing that he failed to attend constituted a racially discriminatory denial of access to the court system because he did not allege that defendants knew his race). Nor has Plaintiff alleged that applicants with equal or lesser qualifications but who were outside her protected groups were admitted over her. *See O'Donnell,* 2001 WL 1593141 at *4 (plaintiff failed to state a claim for race, gender and national origin discrimination because he did not allege that women,

non-whites, or non-Irish applicants having equal or lesser qualifications were admitted to graduate school).

In fact, the Complaint's own allegations point to entirely reasonable and lawful justifications for Loyola's rejection of Plaintiff's application. Specifically, she alleges that she had a low LSAT score and a weak work history. (Complaint ¶ 11.) These legitimate reasons for Loyola's decision to reject Plaintiff's application completely undermine the conclusory allegations of discrimination, again mandating dismissal. *See O'Donnell,* 2001 WL 1593141 at *4 (dismissing Title VI and Title IX claims where complaint and exhibits pointed to lawful reasons for university's lack of interest in plaintiff's application for admission). Accordingly, since Plaintiff has not raised a plausible claim that her application was rejected because of her race or gender, the Court should dismiss her Title VI and Title IX claims.

## C. Plaintiff Has Failed to State a Claim for Disability Discrimination or Failure to Accommodate

### 1. *Loyola is not a public entity subject to the requirements of Title II*

Plaintiff cannot state a claim for relief under Title II against Loyola because Loyola is not a public entity. The relevant provision of Title II provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity,* or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (emphasis added). Under Title II, a public entity is limited to: (1) a State or local government; (2) a department, agency, special purpose district, or other instrumentality of a State or local government; or (3) the National Railroad Passenger Corporation and any commuter authority. 42 U.S.C. § 12131. Loyola is a private Catholic university, and is not a public entity within the meaning of Title II. *Spychalsky v. Sullivan,* 2003 WL 22071602 at *5 (E.D.N.Y. 2003) (law school, which was a division of a private Catholic university, was not a "public

entity" within the meaning of Title II).  Accordingly, Title II does not apply to Loyola and the Court should dismiss Plaintiff's Title II claim for disability discrimination and failure to accommodate. *See Yates v. John Marshall Law School,* No. 08 C 4127, 2009 WL 1309516 at *5 (N.D. Ill. May 11, 2009) (Aspen, J.) (dismissing Title II claim where Plaintiff failed to allege that private university was a public entity).

### 2. *Plaintiff fails to allege that Loyola rejected her application because of a disability in violation of Section 504 of the Rehabilitation Act*

To state a claim of discrimination under Section 504, plaintiff must allege that: (1) she has a disability as defined by the statute; (2) she is "otherwise qualified" for admission; and (3) she was excluded from the benefit on the basis of her disability. *Washington v. Indiana High School Ath. Assn.,* 181 F.3d 840, 843 (7th Cir. 1999) (listing *prima facie* elements of Section 504 claims in review of preliminary injunction enjoining high school from denying learning disabled student athlete eligibility to participate in athletic program); *Manickavasagar v. Virginia Commonwealth Univ. School of Medicine,* 667 F. Supp. 3d 635, 643-44 (E.D. Va. 2009) (granting motion to dismiss disability discrimination complaint brought by medical school applicant).  To plead a failure to accommodate claim under Section 504, a plaintiff must allege that: (1) she is an otherwise qualified individual with a disability, *i.e.,* she qualifies for admission with or without reasonable accommodation; and (2) if a reasonable accommodation is necessary, the denial of the accommodation was made in a discriminatory fashion. *Manickavasagar,* 667 F. Supp. 3d at 643-44.

This Court should dismiss the disability discrimination claim because Plaintiff has not alleged facts which link Loyola's rejection of her application to her alleged disability.  For one, Plaintiff does not even properly allege that she is disabled.  Section 504 defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities."  42

U.S.C. § 12102(1)(A); *see* 34 C.F.R. § 104.3(j).  Here, Plaintiff merely alleges that she is "physically disabled." (Complaint ¶ 13.)  This conclusory allegation merely recites an element of the claim (the existence of a disability), which is plainly inadequate under *Iqbal* and *Twombly*.  Plaintiff does not describe the nature of her physical impairment, or state that it substantially limits one or more major life activities.  Without allegations concerning the nature of her impairment or how it affects her life, Plaintiff's attempt to characterize herself as disabled for purposes of Section 504 is deficient.  *See Yates,* 2009 WL 1309516 at *5 (plaintiff who merely stated she suffered from depression, anxiety and high blood pressure did not adequately allege a disability under either Title II or Section 504).

Further, Plaintiff does not allege when or how Loyola became aware of her disability.  Indeed, she specifically alleges that Loyola has asserted it was unaware of her disability.  Obviously, if Loyola was unaware that Plaintiff was disabled, it follows that it could not have rejected her application because of a disability.  As such, Plaintiff has not properly alleged the essential element that Loyola's decision to reject her application was because of her disability.  *See Yates,* 2009 WL 1309516 at *5.

Plaintiff's claim that Loyola failed to accommodate her disability also fails.  The Complaint alleges that Loyola was "asked in an 'additional statement' to apply accommodations in the admissions process."  However, it does not allege other crucial facts such as what accommodation she requested, when she requested it, how she requested it or to whom she made the request. (Complaint ¶ 11.).  Nor can Plaintiff save the failure to accommodate claim by alleging that the accommodation she requested was admitting her to law school despite her poor qualifications. The Supreme Court has unequivocally held that Section 504 does not require an educational institution to lower or substantially modify its admissions standards in order to

accommodate a handicapped person." *Southeastern Community College v. Davis,* 442 U.S. 397, 413 (1979).

      **D.**      **Plaintiff Does Not Allege Facts To Support An Inference of Age Discrimination**

      Plaintiff also alleges that Loyola discriminated against her because of her age in violation of the Age Discrimination Act of 1975 (the "Age Act"). The Age Act provides that "no person ... shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving federal financial assistance." 42 U.S.C. § 6102. But, the only allegation of age discrimination in the Complaint is that Loyola rejected her application, "potentially because of my age." (Complaint ¶ 11.) This allegation falls woefully short of alleging facts giving rise to an inference of discrimination under the *Iqbal* and *Twombly* standard.

**II.**      **This Court Lacks Jurisdiction Over Plaintiff's Age Discrimination Claim**

      Assuming for the sake of argument that Plaintiff has adequately alleged a claim for age discrimination (which she has not) this claim fails because Plaintiff failed to exhaust her administrative remedies.

      In order to bring an age discrimination claim against a recipient of federal financial assistance, a plaintiff must exhaust administrative remedies by filing a complaint with OCR within 180 days from the date she first had knowledge of the alleged discrimination. 42 U.S.C. § 6104(e)(1); 34 C.F.R. §§ 110.31, 110.39. Plaintiff alleges that she filed a "charge or charges asserting the acts of discrimination indicated in this complaint" with the Department of Education and received a Notice of Right to sue on October 8, 2008, but also asserts that the charge was filed under section 203 of the ADA, *not* the Age Act. (Complaint ¶¶ 7-8).

Accordingly, the Complaint does not sufficiently allege that Plaintiff filed a complaint with OCR that alleges age discrimination.

Even if Plaintiff did timely file an age discrimination complaint with OCR, Plaintiff was required to give notice by registered mail to the Secretary of Health and Human Services, the Attorney General of the United States, and Loyola, before filing her federal court complaint. 42 U.S.C. § 6104(e)(1). This notice must state the nature of the violation, the relief requested, the court in which the action will be brought, and whether or not the plaintiff will seek attorney's fees in the event she prevails. 42 U.S.C. § 6104(e)(2). However, the Complaint contains no allegation – and there is no evidence to indicate – that Plaintiff complied with this notice requirement, mandating dismissal. *See Popkins v. Zagel,* 611 F. Supp. 809, 812 (C.D. Ill. 1985) (dismissing claim brought pursuant to the Age Act by discharged Illinois State Trooper for lack of subject matter jurisdiction where plaintiff failed to satisfy notice requirements of § 6104(e)). Accordingly, Plaintiff has failed to meet the statutory requirements for filing her Age Act claim, and the Court should dismiss that claim under Rule 12(b)(1) for lack of subject matter jurisdiction.

**III.    The Court Should Strike the Complaint for Failure to Comply with the Federal Rules of Civil Procedure**

Alternatively, even if the Court does not dismiss the Complaint, the density and incoherence of its allegations make it all but impossible for Loyola to answer. Thus, the Complaint does not comply with Federal Rule of Civil Procedure 8, and the Court should strike it in accordance with Rule 12(f).

Rule 8 requires a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e)(1). The Court has discretion pursuant to Rule 12(f) to

strike a Complaint if it does not comport with the requirements of Rule 8. *See Mutuelle Generale Francaise Vie. v. Life Assurance Co. of Pennsylvania,* 688 F. Supp. 386, 391 (N.D. Ill. 1988). Rule 12(f) is designed to reinforce the requirement of Rule 8(e) that pleadings be simple, concise and direct. WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1380 (2004). Pleadings containing unnecessary allegations, conclusions, or evidence beyond a short and plain statement of the grounds for relief may be challenged as impertinent by a motion to strike. MOORE'S FEDERAL PRACTICE, Vol. 2 § 12.37[3] (Matthew Bender 3d ed. 2007).

Contrary to these directives, Plaintiff's allegations are set forth in multiple dense and disjointed paragraphs. Federal courts do not permit this style of pleading because it makes it difficult for the defendant to answer the complaint. *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994) ("A prolix and confusing complaint should be dismissed under Rule 8 because it makes it difficult for a defendant to file a responsive pleading and difficult for a court to conduct orderly litigation, as well as to conserve judicial resources"). Accordingly, even if the Court does not dismiss the Complaint, it should exercise its authority under Rule 12(f) to strike the Complaint for failure to comply with Rule 8.

CONCLUSION

The Complaint in this case falls far short of satisfying the *Iqbal* and *Twombly* standard for pleading an adequate claim in federal court, *i.e.,* allegations of fact that articulate a plausible claim. Put simply, the Complaint's discrimination allegations are woefully inadequate. The factual allegations in the Complaint show merely that Loyola received Plaintiff's law school application, determined that it was not up to Loyola's standards for acceptance, and denied her admission. In light of the cases cited above and the principle that federal courts traditionally

12

defer to academic institutions in admission decisions, the Court should dismiss the Complaint or,

in the alternative, strike the Complaint for failure to comply with Rule 8.

Date: July 15, 2010                         MECKLER BULGER TILSON MARICK &
                                            PEARSON LLP


                                            By:    _____ *s/ Jenny R. Goltz* _____


Jacob Rubinstein
Jenny Goltz
Meckler Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois  60606
Tel:    312.474.7900
Fax:    312.474.7898
M:\14255\pleading\Loyola Memo of Law in Support of Mot to Dismiss,doc.doc

13