Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 1985 | **DATE** | December 23, 2010 |
| **CASE TITLE** | *Jackson v. Loyola University Chicago School of Law* | | |

**DOCKET ENTRY TEXT**

Defendant Loyola University's motion to dismiss [15-1] is granted. The motions for leave to cite additional authority [22-1] and [26-1] are stricken as moot. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's active docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Mesue Jackson contends that defendant Loyola University Chicago School of Law denied her entry into its law school. She has sued the university, alleging the following claims:

(1) disability discrimination, *see* 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act) and 29 U.S.C. § 794 (§ 504 of the Rehabilitation Act);

(2) race discrimination, *see* 42 U.S.C. § 1981 and 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964);

(3) sex discrimination, *see* 20 U.S.C. § 1681 (Title IX of the Education Amendments of 1972); and

(4) age discrimination, *see* 42 U.S.C. § 6101 *et seq.* (Age Discrimination Act of 1975).

The complaint Jackson filed in this case is virtually identical to the one she filed against six other law schools, except that the complaint against Northern Illinois University College of Law includes claims under 42 U.S.C. §§ 1981 & 1983. *See Jackson v. DePaul College of Law* (10 CV 1982), *Jackson v. Northwestern University School of Law* (10 CV 1986), *Jackson v. Chicago-Kent College of Law* (10 CV 1988), *Jackson v. University of Chicago Law School* (10 CV 1991), *Jackson v. John Marshall Law School* (10 CV 1992)*,* and *Jackson v. Northern Illinois University College of Law* (10 CV 1994).

Before the court is Loyola University's motion to dismiss Jackson's complaint in its entirety.

***Motion to Dismiss Standard***

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted)

However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F. 2d 366, 368 (7th Cir. 1992). Nevertheless, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F. 3d 599, 603 (7th Cir. 2009).

*Disability Discrimination*

First, Loyola University argues that Jackson's claim under Title II of the Americans with Disabilities Act must be dismissed because Title II applies only to "public" entities. Loyola University's argument is supported by the text of the statute itself: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (emphasis added). Loyola University is a private institution and, therefore, falls outside the scope of Title II of the Americans with Disabilities Act. *See Spychalsky v. Sullivan*, No. CV010958DRHETB, 2003 WL 22071602, at *5 (E.D.N.Y. Aug. 29, 2010) (private Catholic law school is not a "public entity" under Title II of the Americans with Disabilities Act). Accordingly, Jackson's claim under Title II of the Americans with Disabilities Act is dismissed with prejudice.

Second, Loyola University argues that Jackson's claim under § 504 of the Rehabilitation Act must be dismissed. Section 504 prohibits a recipient of federal financial assistance from excluding an otherwise qualified person with a disability from participating in its programs. *See* 29 U.S.C. § 794. Jackson alleges that Loyola University violated § 504 when it refused to accommodate her disability by admitting her despite the facts that she had a low LSAT score, she had a spotty work history, and her application was not competitive. However, the Rehabilitation Act does not require an educational institution to lower or substantially modify its admissions standards to accommodate a person with a disability. *See Southeastern Community College v. Davis*, 442 U.S. 397, 413 (1979). Accordingly, Jackson's claim under the Rehabilitation Act is also dismissed with prejudice.

*Race and Gender Discrimination*

Next, Loyola University seeks dismissal of Jackson's claims of race discrimination under Title VI and gender discrimination under Title IX. According to Loyola University, the claims should be dismissed because Jackson has failed to allege intentional discrimination. Title VI provides that "[n]o person ... shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title IX extends the same prohibition to discrimination based on sex. 20 U.S.C. § 1681. Both

statutes are enforceable by an implied private right of action in favor of injured individuals, but only with respect to intentional discrimination. *See Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001).

The court has carefully reviewed Jackson's allegations. Although she alleges that Loyola University denied her admission because of her race and gender, she did so only conclusorily. Nowhere in her complaint does she provide any nexus between her race and gender and Loyola University's decision to deny her application for law school. Indeed, she contradicts her conclusory assertions of race and gender discrimination by alleging that Loyola University "denied me admissions only based on my low LSAT score." Complaint [1-1] ¶ 11; *see also* Response [19-1] at 5 ("you will find that they use[d] my low LSAT score as sole criterion to deny a 'qualified' black [woman] admissions"). Jackson's allegation that she was denied admission based solely on her low LSAT score is inconsistent with her claim that she was denied admission based on her race and/or gender. Accordingly, she has pled herself out of court, and her race and gender claims are dismissed with prejudice. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 810 (7th Cir. 2009) (plaintiff pleaded himself out of court by alleging facts in his complaint that necessarily precluded relief).

*Age Discrimination*

Finally, Loyola University seeks to dismiss Jackson's claim of age discrimination. Jackson alleges only conclusorily that she was discriminated against "potentially []because of my age," without identifying any grounds for her belief. Complaint [1-1] ¶ 12. Moreover, as with her race and gender claims, her allegation that Loyola University "denied me admissions only based on my low LSAT score", *id.* ¶ 11, is inconsistent with her claim that she was discriminated against based upon her age. Accordingly, she has pled herself out of court and her age claim is dismissed with prejudice. *See Smart*, 562 F.3d at 810.

*Motions for Leave To Cite Additional Authority [22-1] & [26-1]*

After briefing was complete, Loyola University filed two motions for leave to cite additional authority. The authority was presented along with newly-raised argument for dismissal: defensive collateral estoppel. However, the court need not delve into the issue of defensive collateral estoppel given that it is dismissing all of Jackson's claims with prejudice. Accordingly, the motions for leave are stricken as moot.

**CONCLUSION**

The court sympathizes with Ms. Jackson's frustration over not gaining admission into law school. However, she has not stated viable claims against the defendant and, for the reasons stated above, the motion to dismiss [15-1] is granted and her claims are dismissed with prejudice. The motions for leave to cite additional authority [22-1] and [26-1] are stricken as moot. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's active docket.

rs/cpb